IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| Respondent/Plaintiff, | ) | | |
| | ) | | |
| Vs. | ) | No. | 07-CR-40125 |
| | ) | | 11-4099 |
| LENARD C. DIXON, | ) | | |
| Movant/Defendant. | ) | | |
| _____ | ) | | |

**MOTION TO DISMISS DEFENDANT'S
MOTION UNDER § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

COMES NOW the plaintiff, the United States of America, by and through Barry R. Grissom, United States Attorney for the District of Kansas, and James A. Brown, Assistant United States Attorney for said District, and hereby moves to dismiss the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed in the instant case as Document 136.

**A.     Statement of the Case**

On July 16, 2009, the defendant entered a guilty plea to Counts 1, 4, 7, 8, 11, and 14 of the Superseding Indictment, charging him with violating 18 U.S.C. § 1951, the Hobbs Act, and 18 U.S.C. § 922(g)(1), felon in possession of a firearm.

(Doc. 117, Tr. 7/16/09 Plea Hr'g.; Doc. 98, 7/16/09 Pet. to Enter Plea and Plea Agrmt.)  On December 14, 2009, this Court sentenced him to serve a combined term of 420 months' custody, or 35 years.  (Doc. 122, 12/17/09 J. at 3.)  On December 29, 2009, the defendant filed a Notice of Appeal with the United States Court of Appeals for the Tenth Circuit, declaring his intention to appeal the judgment and sentence.  (Doc. 125, 12/29/09 Not. of Appeal.)  On May 24, 2010, the Tenth Circuit dismissed the appeal, finding that it was barred by the appellate waiver in the Plea Agreement.  (*See* Doc. 135, Order and Judgment of Tenth Circuit.)   The defendant filed the instant motion on August 29, 2011.  (Doc. 136, Def.'s 8/29/11 § 2255 Mot.).

### B.     Statute of Limitations

The defendant filed his Motion outside of the applicable statute of limitations and this Court lacks jurisdiction to entertain it.  Section 2255 motions have a one-year limitations period. 28 U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final."). "A movant must generally file a § 2255 motion within one year from the date [his] conviction becomes final." *United States v. Valencia*, 472 F.3d 761, 763 (10th Cir.

2006). "In the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires." *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006). "If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal." *Id.* at 1227-28.

Here, the defendant filed a direct appeal and the Tenth Circuit dismissed it on May 24, 2010. He did not file a petition for certiorari, so his conviction became final when the time for filing a certiorari petition expired. The time for filing a certiorari petition expired 90 days after the court of appeals issued its judgment on May 24, 2010. Sup. Ct. R. 13(1) ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a . . . United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Time is measured from the date of the judgment, and not the date of the mandate. Sup. Ct. R. 13(3) ("The time to file a petition for certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice.") Thus, the defendant's conviction became final 90 days after May

24, 2010, or on August 22, 2010. Therefore, to be timely under § 2255(f)(1), the defendant was required to file the instant motion within one year of August 22, 2010.

Here, the file-stamp reflects that the instant motion was filed on August 29, 2011, which is outside of the one-year statute of limitations. Therefore, the defendant's petition is untimely unless the prison mailbox rule applies.

> The mailbox rule states that an inmate who places a habeas petition "in the prison's internal mail system will be treated as having 'filed' [the petition] on the date it is given to prison authorities for mailing to the court." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (citing *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988)). "However, the inmate must attest that such a timely filing was made and has the burden of proof on this issue." *Id.* (citing *United States v. Ceballos–Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004)). In order to establish timely filing, an inmate must either (1) prove that he made timely use of the prison's legal mail system if a satisfactory system is available; or (2) if a legal mail system is not available, prove timely use of the prison's regular mail system by submitting a notarized statement or a declaration under penalty of perjury indicating the date on which the document was given to prison officials for mailing. *Id.* (citing *Ceballos–Martinez,* 387 F.3d at 1144–45).

*United States v. Rodriguez*, 422 Fed. Appx. 668, 669 (10th Cir. 2011) (unpublished). *See also* Fed. R. App. P. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil or criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate

must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must first set forth the date of deposit and state that first-class postage has been prepaid.").

The defendant cannot take advantage of this rule in this case because he does not prove, as required, (1) that he made timely use of the prison's legal mail system or (2) that he timely used the prison's regular mail system.  The defendant's § 2255 motion contains no certificate of service stating when he mailed it, nor does it state that he either used his institution's legal-mail system or that there was no legal-mail system at the institution where he was confined when he mailed the instant motion.  Without such attestations, the defendant does not make the requisite showings so as to invoke the prison mailbox rule.  *See Endris v. Sheridan County Police Dept.*, 415 Fed. Appx. 34, 36 (10th Cir. 2011) (finding defendant did not properly invoke prison mailbox rule where the certificate attached to defendant's untimely filed notice of appeal "failed to state either that he used the institution's legal-mail system or that there was no legal-mail system at the institution at which he was confined when he mailed his notice of appeal"); *Philpot*, 420 F.3d at 1166 (holding where an institutional legal-mail system is available, "an inmate must establish timely filing under the mailbox rule by . . . alleging and proving that he or

she made timely use of the prison's legal mail system"). Therefore, the instant petition is untimely and this Court lacks jurisdiction to entertain it.

WHEREFORE, the government prays that the defendant's § 2255 Motion be DISMISSED.

Respectfully submitted,

BARRY R. GRISSOM
UNITED STATES ATTORNEY

 s/ James A. Brown
JAMES A. BROWN #14254
Assistant United States Attorney
444 S.E. Quincy, Suite 290
Topeka, KS 66683
(785) 295-2850
James.Brown2@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on the 31st day of October 2011, I electronically filed the foregoing response with the clerk of the court by using the CM/ECF system, which will send a copy of this pleading to the defendant's last attorney of record, and I sent a copy via first-class U.S. Mail to: Lenard C. Dixon, Reg. No. 07688-031, USP Terre Haute, P.O. Box 33, Terre Haute, IN 47808.

      s/ James A. Brown  
      JAMES A. BROWN