IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LENARD C. DIXON )
    Movant/defendant. )
)
)
Vs. )  No. 07-CR-40124
)  11-4099
)
UNITED STATES OF AMERICA )
    Respondent/plaintiff. )
)

FILED
DEC 7 2011
Clerk, U.S. District Court
By:_____ Deputy Clerk

MOVANT'S RESPONSE IN OPPOSITION TO GOVERNMENT"S
MOTION TO DISMISS DEFENDANT'S MOTION UNDER 2255  TO VACATE, SET
ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

    The Movant/Defendant Lenard C. Dixon pro se, files this response in opposition to the government's motion to Dismiss Defendants Motion under 2255 To Vacate, Set Aside, or Correct Sentence by a person in federal Custody. In support of this response, the court is shown as follows.

    As correctly noted by the government, Defendant entered a guilty plea to counts 1,4,7,8,11 and 14 of the superseding Indictment charging him with violating 18 U.S.C. 1951(commonly known as the Hobbs Act) and 18 U.S.C 922(g)(1), felon in possession of a firearm. (plea hearing Tr.Doc 98).

    on December 14, 2009, the district court sentenced defendant to a controlling term of 420 month's custody or 35 years. (sentencing Tr. pg 36: doc 122(judgement). On counts 1,4,7,8 and 11, defendant was sentenced to 84 month's imprisonment, each count to be served consecutive  to each other. On count 14, defendant was sentenced to 120 months, to be served concurrent with the term of imprisonment imposed in counts 1,4,7,8,and 11.

    SUPPORTING FACTS:

    On september 14, 2011 the court ordered the United States Attorney to respond to Movant's  motion under 28 U.S.C 2255 To Vacate, Set Aside or Correct Sentence by a Person in Federal Custody(Doc.136). On or before October 11,2011, that deadline passed with no response from the United States Attorney, without filing a motion with the court seeking an extension of time to reply to movant's motion. The court then ordered the United States Attorney to respond to the motion on or before October 31,2011. As a procedural defense to movant's Section 2255relief the government asserts a violation with statute of limitation, and that the court lacks jurisdiction to entertain it. In October 2010 movant wrote to the K.U Paul E. Wilson Project For Innocence

1.

and Post-Conviction Remedies School Of Law seeking their assistance with the preparation of his Section 2255 Motion to Vacate, while helping to assist in legal research the legal intern student assigned to my case Sean Foley, he sent me a follow up letter on May 16,2011 stating the school year was now over at the law school, because of that, his time at the Defender Project was up and that my case would be transferred to another student intern who will begin working on my case with in the next few weeks. While being assigned to a new student intern Brian Palmer, Movant received a letter on August 1,2011 explaining on July 27,2011 after a careful review of movants case and discussions with supervising attorney they concluded that they cannot assist me with a Habeas Petition Under 28 U.S.C 2255 but that i have a right to file on my own and enclosed a copy of the 2255 forms for my convenience and that i must file the forms with the Kansas District court by August22, 2011."see attached supplement" Letter from law school.

     In an attempt to further show that movant was timely under 2255(f)(1) in filing the instant motion within one year of August 2010,"Attached" you'll find a letter from movant's attorney explainingthe time period for filing a certiorari under 28 U.S.C. On June 18,2011 movant was placed inside Special Housin -g unit (S.H.U) under investigation at U.S.penitentiary Terre Haute, Indiana where movant has resided since, without access to the institution system designed for legal mail. under the prison mail box rule"attached" you'll also find a notarized document with a prison official signature stating when movant's motion under section 2255 was given to him for mailing. Showing that movant's motion was timelt.

Ground one:

     Under "PROSECUTOR MISCONDUCT" Petitioner contends that it was prosecutor misconduct whereby the prosecutor intentionally misled appointed counsel with respect as to what petitioner's recommended guideline sentence would be. And thus, the prosecutor breached the [nonrecord] plea agreement he entered into with counsel during pre-plea negotiations. Counsel informed the petitioner that she had negotiated an oral"plea bargain" for a specific guideline range sentence between 121-151 months. But, instead of honoring said oral agreement at sentencing, the prosec -utor sought to have a sentencing term of 720-months imposed by the trial court judge. Such act by the prosecutor, himself,clearl -y demonstrates prosecutor misconduct which petitioner contends should have been raised both before the District court and on direct appeal before the Tenth Circuit Court of Appeals Justices. Counsel's failure to raise this particular"deadbang winner" first in the District Court and then on appeal constitutes ineffective assistance of appellate counsel on appellate review as well. The fact that this issue was an obvious one to raise on appeal is beyond dispute. Petitioner insists that the prosecutor's witholding of the actual terms of the pre-plea agreemen -t, was and is a significant one. And counsel's complete failure to argue and perserve it in the District Court, as well as raise it on appeal cannot be explained away as any strategic decision by counsel.

Ground two:

Petitioner asserts that the Sixth Amendment right to counsel "is the right to effective assistance of counsel." SEE: Strickland v. Washington, 465 U.S. 684, 686 (1984)(quoting, McMann v. Richardson, 397 U.S. 759 (1970). This particular right is driven by the rationale that the effective assistance of counsel is necessary to safeguard a defendant's right guaranteed under the Federal Constitution. SEE: Kimmelman v. Morrison, 477 U.S. 365 (1986)(holding, "of all the rights that an accused person has, the right to be assisted by counsel is by far the most pervasive, for it affects his ability to assert other rights the accused may also have.") The lack of effective assistance on this case caused the petitioner to waive his constitutional right to trial by jury and entered into a non-binding plea agreement. Due to appointed counsel's misinformation and misleading advice regarding a nonrecord plea bargain entered into between counsel and the prosecutor. And counsel's failure to disclose and or develop such oral agreement in the district court record amounted to ineffective assistance. SEE: Powell v. Alabama, 287 U.S. 45, 68-69(1932). Petitioner further states that under the strickland criteria, counsel had a duty to adequately represent him during plea negotiations. Which included revealing the bargained [oral] plea to the court, and, at least attempting to bind all parties i.e., the court and the prosecutor to all terms of the pre-plea oral agreement.

Petitioner also asserts that counsel's ineffectiveness during plea negotiations left him exposed to a much harsher imposition of sentence, which resulted in petitioner receiving a sentence three-times greater than counsel expected and had communicated to him during the pre-plea stage. Thus, cause and prejudice is clearly demonstrated under both prongs of Strickland v. Washington, And although counsel secured a plea under Rule 11(c)(1)(c), the complete terms of the plea bargain were not disclosed within the pre-plea agreement. Therefore, counsel knew that "no" binding plea existed. Counsel owed petitioner a duty to disclose the alleged plea agreement pursuant to Rule 11(c)(1)(c)(2) rather than to mislead petitioner and the court. Also, counsel should have sought to protect petitioner's right in accordance with Rule 11(c)(1)(c)(5) so that he would have been permitted to reject the plea. Prior to the change of Plea Hearing, counsel and the prosecutor discussed the possibilities of a plea, such bargain just as in any other contractual setting, involved several offers of which were declined by petitioner. After being reassured by his counsel of receiving a guideline sentence in the range of 121-to-151 months; but nothing in excess of 151-months, petitioner agreed to plead guilty. What was conveyed to petitioner as being a binding plea under rule 11(c)(1)(c) resulted in a non-binding plea and a thirty-five(35) years sentence.

Petitioner avers that an "evidentiary hearing" is needed in order for the court record to be sufficiently developed with nonrecord evidence. Such evidence that occurred outside of the record solely between counsel and petitioner involves the content of private discussions made during plea negotiations during the pre-plea stage of the proceedings.

3.

Based on the reasons set forth in this response, petitioner respectfully request this court deny the government's motion finding that because petitioner motion was timely under 2255 (f)(1), that he may pursue an appeal of his sentence in this court.

Respectfully Submitted

LeNard C. Dixon pro se<br>Movant/Defendant

CERTIFICATE OF SERVICE

I, LeNard C. Dixon, do hereby certify that a copy of the forgoing Responce to the Government's Motion To Dismiss Defendants Motion under section 2255 To Vacate, Set Aside, or Correct Sentence By A Person in federal custody was forwarded to the Office Of The Clerk for the District Of Kansas located at 444 S.E. Quincy in Topeka, Kansas  66683. I hand-delivered said copy to a U.S.P-Terre Haute, Indiana prison official for U.S. Mail with the postage prepaid on this 4th day of december 2011.



**KU**
School of Law

July 27, 2011

LeNard Dixon #07688-031
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

Dear Mr. Dixon:

    After a careful review of your case and discussions with my supervising attorney, we have concluded that we cannot assist you with a habeas petition under 28 U.S.C. 2255. Although your plea agreement allows for habeas challenges based on ineffective assistance of counsel, we do not feel the facts of your situation would support a successful claim.

    Claims of ineffective assistance of counsel are reviewed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* established a two part test. First, the attorney's performance must have been objectively unreasonable. To establish error, you have the burden of proving Ms. Morgan's conduct fell below professional norms. In other words, she committed a serious error in her representation. Second, that error must have resulted in prejudice to you. You have the burden to show that, absent Ms. Morgan's error, there is a reasonable probability that you would have insisted upon going to trial, instead of pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

    The only argument we found is that Ms. Morgan was ineffective because, in advising you about the plea, she failed to inform you that the judge could do a variance to sentence you outside the guidelines. Both your plea agreement and the transcript of your change of plea hearing clearly state that the judge could sentence you to anywhere from 10 to 110 years in prison. These documents will carry a great amount of weight in a habeas proceeding. (*See* Plea Agreement at 7; *see also* Tr. of Change of Plea Hr'g at 8-9, 11.) Furthermore, we have been unable to confirm with Ms. Morgan that she did not notify you of the possibility of a variance, so your testimony would be the only evidence supporting your claim.

    Although we will not prepare a petition, you have the right to file on your own. I have enclosed a copy of the 2255 forms for your convenience. You must file the forms with the

Kansas District Court by August 22, 2011.

    At this point, we are closing your file and returning your documents. I wish you luck should you chose to pursue a federal habeas petition.

Sincerely,

Brian Palmer<br>
Student Intern

# MORGAN PILATE LLC
## ATTORNEYS AT LAW

Melanie S. Morgan
Cheryl A. Pilate
Rebecca L. Kurz
Patrick M. Lewis

Licensed in Kansas and Missouri

142 North Cherry Street
Olathe, Kansas 66061
Phone: 913-829-6336
Fax: 913-829-6446

May 24, 2010

Mr. Lenard Dixon # 07688-031
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

*Attorney Client Communication Privileged and Confidential*

RE:   *United States v. Lenard Dixon*
      Appeal No. 09-3379

Dear Lenard:

Enclosed please find a copy of the Court order dismissing your appeal based on a waiver of your appellate rights. I am extremely disappointed to see the Court take this approach because it is simply not what was negotiated and I don't think it appropriate for the Court to interpret "range" as anything but the guideline range.

I believe our next step is to file a motion for reconsideration and I will do that shortly. I've asked the government to not oppose that motion hoping that Greg has the integrity to acknowledge what was agreed upon in negotiations but apparently poorly reflected in the plea agreement. If they do oppose the motion, in all likelihood the motion for reconsideration will be denied.

If that is the case, the next step will be to file what is commonly known as a habeas or 2255. I believe the basis for such an action is prosecutorial misconduct for filing a motion to dismiss an appeal when the government knew that you didn't waive your right to appeal a sentence outside the guideline range. Additionally, you may assert that your plea was not knowing and voluntary based on flawed advice that you received from me (I advised you that the plea agreement did not bar an appeal of an above the guidelines sentence and that apparently is inaccurate if the Court of Appeals is to be believed). Because one of the issues may involve questions regarding my representation, I can not represent you in this matter. I suggest you contact The Paul E. Wilson Defender Project, because they can provide you with free legal assistance. The address is:

The Paul E. Wilson Defender Project
University of Kansas School of Law
Green Hall, Room 409
1535 West 15th Street
Lawrence, Kansas 66045-7577

As soon as I know the outcome of the motion for reconsideration I will let you know as the time for filing an action under 28 U.S.C. 2255 is within one year of a final judgment. If a petition for certiorari is filed, the 2255 motion is due one year from the date certiorari is denied. If a petition for certiorari is not filed, the one year runs from the date the period for filing certiorari expires. The period for filing certiorari expires 90 days from the entry of judgment.

If you have any questions or concerns, please do not hesitate to let me know.

Sincerely,

*Melanie S. Morgan*

Melanie S. Morgan

Enclosure



**U.S. Department of Justice**

Federal Bureau of Prisons

*United States Penitentiary*
*Terre Haute, Indiana*

| | |
|---|---|
| Date: | December 2, 2011 |
| Reply To Attn Of: | J. Singleton Jr. |
| Subject: | Dixon #07688-031 |
| To: | all concerned |

On August 21 2011 I accepted legal mail from inmate Dixon #07688-031, I verified his identity before he sealed the mail, and postage was present on the envelope. I then took the sealed envelope to the outgoing mail container.

## SWORN DECLARATION

I, Lenard Chauncy Dixon, an inmate at U.S.P Terre Haute, Indiana do hereby declare that I gave a prison official, correctional officer Singleton Jr. A section 2255 Motion To Vacate for mailing to united states attorney Gregory G. Hough, and a section 2255 Motion To Vacate with an Application to Proceed IFP to Judge Julie A. Robinson on August 21, 2011 that was Notarized and executed at U.S.P Terre Haute on August 19, 2011.

NOTARY PUBLIC:

Witnessed before me on this _28th_ day of November 2011.

[Notary Seal: JOHN SAMUEL EDWARDS III, Notary Public, State of Indiana, Clay County, My Commission Expires October 24, 2018]

_____
Lenard Chauncy Dixon
Movant

sworn and perscribeduto under the penalty of perjury as permitted under 28 U.S.C section 1746.