**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff–Appellee,

v.

LENARD DIXON,

    Defendant–Appellant.

No. 12-3206
(D.C. No. 5:11-CV-04099-JAR
and  5:07-CR-40124-JAR-1)
(D. Kan.)

---

## ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

Lenard Dixon, a federal prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 habeas

petition.  We deny a COA and dismiss the appeal.

---

    * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

On July 16, 2009, Dixon pled guilty to five counts of violating the Hobbs Act, 18 U.S.C. § 1951, and one count of being a felon in possession of a firearm. In Dixon's written plea agreement, he acknowledged that his sentence would be not less than ten years and not more than 110 years if the court accepted the agreement. Dixon's signature also affirmed his understanding that the "plea agreement supersedes any and all other agreements" and "embodies each and every term of the agreement between the parties." Although Dixon's advisory Guidelines range was between 121 and 151 months, the district court concluded that an upward departure was warranted based on Dixon's "history and propensity [for] violence." The court imposed a sentence of thirty-five years' imprisonment.

Dixon filed a direct appeal with this court, which we dismissed as barred by the appeal waiver in his plea agreement. United States v. Dixon, 379 F. App'x 752, 754 (10th Cir. 2010) (unpublished) (per curiam). Dixon subsequently filed a 28 U.S.C. § 2255 petition. The district court denied the petition and denied a COA.

**II**

A § 2255 petitioner may not appeal absent the grant of a COA. 28 U.S.C. § 2253(c)(1)(B). We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, Dixon must demonstrate "that reasonable jurists could debate whether . . . the petition

-2-

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quotation omitted).  We liberally construe Dixon's pro se filings. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

Dixon advances two ineffective assistance of counsel claims.  To succeed on such claims, Dixon must show both that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984).  In the guilty plea context, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" to establish prejudice. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

Dixon asserts that his counsel was ineffective because she failed to warn him that he might receive a sentence above the Guidelines range.  However, "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." <u>United States v. Gordon</u>, 4 F.3d 1567, 1570 (10th Cir. 1993).

Dixon also argues that his counsel was ineffective for failing to disclose to the court the existence of an oral plea agreement between the parties requiring a within-Guidelines sentence.  However, Dixon signed a plea agreement that explicitly stated "the parties are not requesting imposition of an advisory guideline sentence" and noted that

"this plea agreement supersedes any and all other agreements." Accordingly, we conclude that Dixon's claim is contradicted by the record.

Similarly, Dixon's claim of prosecutorial misconduct is unavailing. The record does not support Dixon's assertion that he had an oral agreement with the prosecutor. And the prosecutor's advocacy for an upward departure was not misconduct unless it was based on false or unreliable information. See United States v. Rodriguez-Rivera, 518 F.3d 1208, 1214 (10th Cir. 2008). Dixon has not claimed that the prosecutor offered such information to support the departure.

### III

We **DENY** a COA and **DISMISS** the appeal. We note that Dixon was granted permission to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge