**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 07-40124-JAR |
| LENARD DIXON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This case comes before the Court on a "Motion Under FRCP 60(b) and FRCrP52(b)" (Doc. 161). For the reasons stated below, the Court construes Defendant's motion as an unauthorized second or successive § 2255 motion, and dismisses for lack of jurisdiction.

**I.    Factual and Procedural Background**

On July 16, 2009, Defendant pled guilty to five counts of violating the Hobbs Act, 18 U.S.C. § 1951, and one count of being a felon in possession of a firearm. In his Plea Agreement, Defendant acknowledged that his sentence would not be less than ten years and not more than 110 years if this Court accepted the agreement. Defendant also acknowledged his understanding that the "plea agreement supersedes any and all other agreements" and "embodies each and every term of the agreement between the parties." The Court concluded that an upward departure was warranted based on Defendant's "history and propensity [for] violence." Although his advisory Guidelines range was between 121 and 151 months, the Court imposed a sentence of thirty-five years' imprisonment, noting the violent nature of the robberies and the profound impact on the victims. Defendant had previously served a term of 123 months on a

prior conviction for carjacking, which the Court noted "did not seem to have much of an impact on him in terms of rehabilitation. In fact, he was at the halfway house on that sentence when he committed this string of robberies."[1] The Court further noted that during that prior period of incarceration, Defendant had numerous disciplinary actions against him and upon release, "almost immediately went back into his life of crime."[2] Thus, the Court concluded, to sentence him to a very similar term of incarceration in this case "does not at all seem to be sufficient for very significant course of criminal conduct," which justified an upward departure or variance under 18 U.S.C. § 3553.[3] The Court specifically found that there was extreme conduct outside the heartland of the Guidelines in terms of the way the victims were abducted, threatened, and terrorized under U.S.S.G. § 5K2.4, and multiple uses of a dangerous weapon under U.S.S.G. § 5K2.6.[4]

Defendant filed a direct appeal with the Tenth Circuit Court of Appeals, which dismissed the appeal as barred by the appeal waiver in his Plea Agreement.[5] Defendant then filed a 28 U.S.C. § 2255 petition, where he advanced a claim of prosecutorial misconduct as well as two ineffective assistance of counsel claims: 1) counsel was ineffective because she filed to warn him that he might receive a sentence above the Guidelines range; and 2) counsel was ineffective for failing to disclose to the Court the existence of an oral plea agreement between the parties requiring a within-Guidelines sentence. This Court denied Defendant's motion as well as a

---

[1] Sent. Hrg. Tr., Doc. 131 at 23–24.

[2] *Id.* at 24.

[3] *Id.* at 24–25.

[4] *Id. See* Doc. 124 at 4.

[5] *United States v. Dixon*, 379 F. App'x 752, 754 (10th Cir. 2010) (unpublished) (per curiam).

certificate of appealability ("COA") on March 5, 2012.[6]  Defendant then sought a COA from the Tenth Circuit, which denied his request on November 14, 2012.[7]

Defendant subsequently filed the instant Rule 60(b) motion, requesting an evidentiary hearing on his ineffective assistance of counsel and prosecutorial misconduct claims.  Defendant also seeks review under Fed. R. Crim. P. 52(b), arguing that the Court did no properly calculate his sentence pursuant to 18 U.S.C. § 3553.

## II.    Analysis

Before analyzing the substance of Defendant's motion, this Court must first consider if the motion is a true Rule 60(b) motion or merely a second or successive § 2255 petition.[8]  Rule 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>  (4) the judgment is void;
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[9]

---

[6] Doc. 142.

[7] Doc. 155.

[8] *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).

[9] Fed. R. Civ. P. 60(b).

Congress, in passing the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), placed various restrictions on habeas petitions.[10] Second or successive habeas petitions may proceed "only in specified circumstances and only with a circuit court's prior authorization."[11] In *Gonzales v. Crosby*,[12] the Supreme Court provided guidance as to the relationship between Rule 60(b) and second or successive motions filed under 28 U.S.C. § 2254. The Tenth Circuit applied this analysis to § 2255 petitions, holding that

> a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded the merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, providing that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.[13]

The Tenth Circuit further held that

> [i]f the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion. If, however, the district court concludes that the motion is actually a second or successive petition, it should refer the matter to this court for authorization under § 2244(b)(3).[14]

The Court finds that the claims asserted by Defendant do not fall within the scope of a true Rule 60(b) motion. Instead, Defendant simply reiterates the allegations contained within his first § 2255 petition, ineffective assistance of counsel and prosecutorial misconduct, all of which

---

[10]*Smith v. United States*, 05-40065-RDR, 2013 WL 1898144, at *2 (D. Kan. May 7, 2013).

[11]*Id. See also* 28 U.S.C. §§ 2244(b), 2255(h).

[12]545 U.S. 524 (2005).

[13]*Spitznas*, 464 F.3d at 1216 (internal citations omitted).

[14]*Id.* at 1217.

4

were rejected by this Court as well as the Tenth Circuit in denying a COA. Defendant's Rule 52(b) request based on the alleged "plain error" of the Court in considering his rehabilitative needs when crafting his sentence similarly fails to meet the requirements of a true Rule 60(b) motion.[15] Rather, it is Defendant's attempt to assert an additional "federal basis for relief from [his] underlying conviction."[16] Nothing in Defendant's motion causes this Court to reconsider its prior ruling. Accordingly, the Court treats Defendant's Rule 60(b) motion as a second or successive petition for relief under § 2255.

"[S]econd or successive § 2255 motions may proceed only in specified circumstances and only with a court's prior authorization."[17] Before filing a second or successive § 2255 motion in the district court, a defendant must obtain from the Tenth Circuit "an order authorizing the district court to consider" the application for relief.[18] The record does not show that Defendant has applied for or received this required authorization. Because Defendant's second or successive claim under § 2255 was filed without the requisite authorization from the Tenth Circuit, the Court should determine whether it is in the interest of justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack of jurisdiction.[19] The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be

---

[15]*Citing Tapia v. United States*, 564 U.S. 319 (2011) (holding a court cannot impose or lengthen a term of imprisonment in order to allow for a particular treatment in prison or to promote rehabilitation).

[16]*Spitznas*, 464 F.3d at 1216.

[17]*Smith*, 2013 WL 1898144 at *3.

[18]28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

[19]*See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."[20]

The phrase "if it is in the interest of justice" has been interpreted to grant the district court the discretion in making the decision whether to transfer an action or, instead, to dismiss the action.[21] Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would have been time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[22] A prisoner who wishes to file a successive § 2255 motion has the burden of showing that he satisfies one of the two conditions: either (1) the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[23] Finally, because this is a successive § 2255 motion, the one-year statute of limitations begins running from the date on which the facts supporting her claims presented could have been discovered through the exercise of due diligence.[24]

---

[20]*Id.*

[21]*Id*. at 1252–53.

[22]*Id*. at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

[23]*United States v. Harper*, 545 F.3d 1230, 1232 n.12 (10th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

[24]28 U.S.C. § 2255(f).

Here, there is nothing in Defendant's current motion to suggest the applicability of either of these authorization standards.  Defendant does not address or make mention of any new evidence or a retroactively applicable change in constitutional law.  None of Defendant's pending arguments fall into either category required for a successive petition.  Instead, Defendant simply rehashes arguments previously made to and dismissed by this Court as well as the Tenth Circuit.   With respect to the Rule 52(b) claim, Defendant cites to the Supreme Court's decision in *Tapia v. United States*, where the Court remanded a case for resentencing because the initial sentence had been imposed primarily to promote rehabilitation.[25]  As noted above, however, Defendant's Plea Agreement prohibits him from bringing any collateral attack on his sentence.[26]  Moreover, the Court did allude to the sentence as a means of promoting Defendant's rehabilitation, but not in such a way as to implicate *Tapia's* prohibition on sentences as imposed or lengthened specifically for that purpose.  At sentencing, the Court addressed a variety of reasons for imposing the upward departure sentence, including the nature of Defendant's previous conviction, his immediate return to violent crime, the nature of the crimes and treatment of the victims, and multiple uses of a dangerous weapon.  Thus, under *Tapia*, Defendant's sentence was not improperly imposed or lengthened to "promote rehabilitation," and is thus not unreasonable under the Fifth Amendment.[27]  Accordingly, Defendant's motion does not meet the

---

[25] 564 U.S. 319 (2011).

[26] *See United States v. Dixon*, 379 F. App'x 752, 754 (10th Cir. 2010) (unpublished) (per curiam).

[27] The Court further notes that *Tapia* was issued in June 2011.  Defendant does not indicate that the Court's ruling is retroactive, nor does he address whether his new claim is timely under § 2255(f), as it was raised over three years after that decision was entered.

7

requirements for second or successive § 2255 motions, and thus the Court dismisses the motion rather than transferring it to the Tenth Circuit.[28]

### III. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[29] A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[30] A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[31] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[32] For the reasons detailed in this Memorandum and Order, Defendant has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling dismissing his § 2255 motion.

---

[28] *See United States v. Lara-Jiminez*, 377 F. App'x 820, 822 (10th Cir. 2010) (transfer no in interest of justice when claims clearly do not meet requirements in Section 2255(h)); *In re Cline*, 531 F.3d at 1252 (district court may refuse to transfer motion where motion fails on its face to satisfy any of the authorization standards of Section 2255(h)).

[29] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[30] *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[31] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[32] *Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Lenard Dixon's "Motion Under FRCP 60(b) and FRCrP 52(b)" (Doc. 161) is an unauthorized second or successive § 2255 motion that is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: May 9, 2016

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE