# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>LENARD CHAUNCY DIXON,<br><br>     Defendant. | Case No. 07-40124-JAR |

## ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Defendant's Motion to Appoint Counsel (Doc. 165). Standing Order 15-3 appoints the Office of the Federal Public Defender for the District of Kansas ("FPD") to represent any indigent defendant to determine whether that defendant qualifies for post-conviction relief pursuant to *Johnson v. United States*.[1] Defendant requests the Court appoint counsel in light of the Supreme Court's subsequent decision in *Sessions v. Dimaya*, where the Court struck down the residual clause in 18 U.S.C. § 16(b) as unconstitutionally vague under the rule announced in *Johnson*.[2] The Tenth Circuit has determined that the residual clause of 18 U.S.C. § 924(c)(3), which contains language identical to § 16(b), is also unconstitutional.[3] Defendant's putative challenge to his conviction is that his § 924(c) offense required proof of an underlying crime of violence, and Hobbs Act robbery (18 U.S.C. § 1951) lacks such an element. But on January 15, 2019, the Supreme Court issued its

---

[1] 135 S. Ct. 2551 (2015).

[2] 138 S. Ct. 1204, 1223 (2018). The FPD deferred entering an appearance in Mr. Dixon's case until the *Stokeling* decision was issued.

[3] *United Sates v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018) (citing *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *Johnson v. United States*, 135 S. Ct. 2551 (2015)). 18 U.S.C. § 924(c) proscribes using or carrying a firearm during and in relation to a crime of violence, or for possessing a firearm in furtherance of any such crime.

decision in *Stokeling v United States*, resolving this issue against Defendant.[4]  The Tenth Circuit subsequently issued its decision in *United States v. Harris*, confirming that "Hobbs Act robbery is categorically a 'crime of violence' under § 924(c)(3)'s element clause."[5]  The FPD has indicated it will dismiss pending 28 U.S.C. § 2255 motions raising this claim for relief.  Defendant's potential § 2255 challenge is no longer tenable in light of *Stokeling* and *Harris* and accordingly, the Court **denies as moot** his motion to appoint counsel.

**IT IS SO ORDERED.**

Dated: February 15, 2019

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] 139 S. Ct. 544, 554–55 (2019).

[5] --- F. App'x ---, 2019 WL 360095, at *1 (10th Cir. Jan. 28, 2019) (discussing *Stokeling*, 139 S. Ct. at 548–49, 554–55).  The "elements clause" in 18 U.S.C. § 924(c)(3)(A) defines "crime of violence" as any felony offense having "as an element the use, attempted use, or threatened use of physical force against the person or property of another."