IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>LENARD CHAUNCY DIXON,<br><br>     Defendant. | Case No. 5:07-CR-40124-JAR |

**MEMORANDUM AND ORDER**

This case comes before the Court on Defendant Lenard Dixon's "Motion Under FRCrP 52(B) Plain Error" (Doc. 174). For the reasons stated below, the Court construes Defendant's motion as an unauthorized second or successive motion under 28 U.S.C. § 2255 and dismisses for lack of jurisdiction.

**I.   Procedural Background**

In 2009, Defendant pled guilty to five counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).[1] In his Plea Agreement, Defendant acknowledged that his sentence would not be less than ten years and not more than 110 years if the Court accepted it.[2] The Court varied upward from the sentencing guideline range of 121 and 151 months and imposed a sentence of 420 months' imprisonment.[3] This upward variance was based on Defendant's use of a weapon during the crime, his serious criminal history, and his violent propensities. The Court also noted the profound impact of the robberies on the victims. Defendant filed a direct appeal with the

---

[1] Doc. 98.

[2] *Id.* at ¶ 3.

[3] Doc. 122.

Tenth Circuit Court of Appeals, which enforced the appeal waiver in Defendant's Plea Agreement and dismissed his direct appeal.[4]

In 2011, Defendant filed his first § 2255 motion, where he claimed prosecutorial misconduct and asserted two ineffective assistance of counsel claims.[5] The Court denied relief and a certificate of appealability ("COA") in 2012.[6] Defendant then filed a purported motion for relief from judgment under Fed. R. Civ. P. 60(b) and sought review under Fed. R. Crim. P. 52(b). The Court denied his Rule 60(b) and 52(b) motion for lack of jurisdiction as an unauthorized or second § 2255 motion in 2016.[7]

Later in 2016, Defendant filed a motion for authorization to file a second or successive § 2255 motion. He argued that he was entitled to challenge his sentence based on the new rule of constitutional law announced in *Johnson v. United States*,[8] wherein the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of due process. However, the Tenth Circuit denied authorization because he did not receive an increased sentence under the ACCA.[9] Thus, Defendant failed to make a prima facie showing that he was entitled to authorization based on *Johnson*.

Again in 2020, Defendant sought authorization to file a second or successive § 2255 motion to challenge his sentence. This time, Defendant argued that he was entitled to relief based on the holding in *United States v. Davis* that the residual clause in the definition of "crime

---

[4] *United States v. Dixon*, 379 F. App'x 752, 754 (10th Cir. 2010) (unpublished) (per curiam).

[5] Doc. 142.

[6] Doc. 155.

[7] Doc. 162.

[8] 135 S. Ct. 2551, 2553 (2015).

[9] Doc. 164 at 2.

of violence" for convictions under 18 U.S.C. § 924(c) was unconstitutionally vague.[10] Defendant again was denied authorization because he failed to make a prima facie showing that he is entitled to authorization based on the new rule of law announced in *Davis* because he was not convicted and sentenced under § 924(c).[11] Additionally, Defendant was denied authorization because he failed to demonstrate that his proposed § 2255 motion relies on the new rule of law announced in *Davis*.[12] The Tenth Circuit ruled that this denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari" based on 28 U.S.C. § 2244(b)(3)(E).[13] Undeterred, Defendant filed the instant motion seeking relief from his conviction and sentence.

## II. Legal Standards

Defendant appears *pro se*; thus, his pleadings are to be construed liberally.[14] However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[15] The Court analyzes Defendant's motion under the following applicable standards.

### A. Rule 52(b)

Defendant seeks relief under his Fed. R. Crim. P. 52(b) motion for plain error. Rule 52(b) provides that "plain error that affects substantial rights may be considered even though it was not brought to the court's attention." The Supreme Court established three conditions that must be met before a court may consider exercising its discretion to correct an error.[16] These

---

[10] 139 S. Ct. 2319, 2336 (2019).

[11] Doc. 173 at 3.

[12] *Id.*

[13] *Id.* at 4.

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] *Id.*

[16] *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018).

conditions are that the error must not have been intentionally relinquished or abandoned, it must be plain (i.e. clear or obvious), and it must have affected the defendant's substantial rights.[17] To demonstrate that the error affected the defendant's substantial rights, the defendant ordinarily must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different.[18] After meeting all three conditions, the Tenth Circuit can use its discretion to correct the error if it finds that it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[19] However, Rule 52(b) is permissive, not mandatory.[20] The Tenth Circuit has authority to order correction, but it is not required to do so.[21]

### B.     Second or Successive § 2255 Motion

Before analyzing the substance of Defendant's Rule 52(b) motion, this Court must consider if it is merely a second or successive § 2255 motion. Second or successive habeas corpus motions are subject to additional restrictions under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2244(b).[22] Such a motion requires prior authorization by the appropriate circuit court demonstrating that it meets certain stringent criteria.[23] Without the requisite authorization, the district court must determine whether it is in the interest of justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or whether to dismiss the motion for lack of jurisdiction.[24] The Tenth Circuit has counseled that "[w]here

---

[17] *Id.*

[18] *Id.* at 1905.

[19] *Id.*

[20] *United States v. Olano*, 507 U.S. 725, 736 (1993).

[21] *Id.*

[22] *Gonzalez v. Crosby*, 545 U.S. 524, 526 (2005).

[23] *Id.* at 528.

[24] *In re Cline*, 531 F.3d 1248, 1252 (10th Cir. 2008).

4

there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes that it is not in the interest of justice to transfer the matter to this court for authorization."[25]

The phrase "in the interest of justice" has been interpreted as giving the district court discretion to decide whether to transfer or dismiss an action. Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would have been time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[26] A prisoner who wishes to file a successive § 2255 motion has the burden of showing that he satisfies one of two conditions: either (1) the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) the existence of a new rule of constitutional law, made retroactive on collateral review by the Supreme Court that was previously unavailable.[27] Finally, the one-year statute of limitations begins to run on successive § 2255 motions from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence.[28]

The Supreme Court provided guidance as to the relationship between Rule 60(b) and second or successive motions filed under 28 U.S.C. § 2244(b) in *Gonzalez v. Crosby*.[29] Courts in

---

[25] *Id.*

[26] *Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

[27] *United States v. Harper*, 545 F.3d 1230, 1232 n.12 (10th Cir. 2006).

[28] 28 U.S.C. § 2255(f).

[29] 545 U.S. 524, 528 (2005).

nearly every circuit have extended the logic of *Gonzalez* past its specific procedural posture.[30]

The Tenth Circuit applied the logic of *Gonzalez* to § 2255 motions, holding that

> a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petition's underlying conviction.  Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded the merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, providing that such a challenge does not itself lead inextricably to a merits based attack on the disposition of a prior habeas petition.[31]

The Tenth Circuit further held that

> [i]f the district court concludes that the motion is a true 60(b) motion, it should rule on it as it would any other Rule 60(b) motion.  If, however, the district court concludes that the motion is actually a second of successive petition, it should refer the matter to his court for authorization under § 2244(b)(3).[32]

Some circuits have extended applications of *Gonzalez* to include Rule 52(b), 59(a), and 59(e) based on the concern identified in *Gonzalez* that petitioners may use post-judgment motions to make an end-run around AEDPA's exacting procedural requirements because this concern is not exclusive to the Rule 60(b) context.[33]  Accordingly, the answer to the successive motion inquiry depends on the actual substance of the post-substance motion rather than its technical title.[34]  For example, this Court previously applied similar logic in this case by holding that Defendant's prior Rule 52(b) request failed to meet the requirements of a true Rule 60(b) motion.[35]

---

[30] *United States v. Patton*, 750 F. App'x 259 (5th Cir. 2018).

[31] *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (internal citations omitted).

[32] *Id.* at 1217.

[33] *Patton*, 750 F. App'x at 263 (citing cases).

[34] *Id.*

[35] Doc. 162.

**III.     Analysis**

Defendant's post-judgment motion is based on the alleged "plain error" of this Court in abusing its discretion and committing procedural error by enhancing Defendant's sentence for dismissed and uncharged conduct, not reading "ambiguous terms" in his Plea Agreement in favor of him, and "failing to conduct a proper analysis of the factors relevant to the decision to impose a sentence under the Chapter 5 enhancements."[36] His motion is also based on an ineffective assistance of counsel claim alleging the "plain error" of counsel failing to object to "an improper application of the sentencing guidelines in the pre-sentencing report" in addition to counsel purportedly being "objectively unreasonable at sentencing."[37] Defendant's motion concludes that his sentence is unconstitutional and a manifest miscarriage of justice. He asserts that his guilty plea must be held to be void, and he seeks relief that "restores him to the stage he was at prior to accepting said plea."[38] Defendant's argument fails for several reasons.

First, because Defendant's Rule 52(b) motion attempts to assert additional federal basis for relief from his underlying conviction and seeks to move the Court to correct his sentence based on an alleged violation of the Constitution and United States laws, it is an unauthorized, successive § 2255 petition under *Gonzalez* and its subsequent caselaw. Defendant reasserts a federal basis for relief from his underlying conviction and attacks this Court's merits determination that an upward departure from sentencing guidelines was justified based on the Plea Agreement and other weighty factors.

Second, Defendant fails to meet the requirements of a true Rule 60(b) motion because the claims he asserts do not fall within the scope of a true Rule 60(b) motion. Instead, Defendant

---

[36] Doc. 174 at 7–9.

[37] *Id.* at 24.

[38] *Id.* at 29.

7

challenges the basis of his sentencing on several grounds, as well as his counsel's failure to object. These challenges asserted by Defendant do not challenge a procedural ruling of the habeas court that precluded the merits determination of the habeas application, nor do they challenge a defect in the integrity of the federal habeas proceeding. Rather, Defendant's plain error arguments regarding abuse of discretion and ineffective assistance of counsel are centered around the length of his sentence. According to Defendant's Plea Agreement, he is barred from bringing any collateral attack on his sentence.[39] His arguments for plain error effectively rehash arguments made in previous motions, i.e., unlawful sentence, sentence that violates terms of the Plea Agreement, and ineffective assistance of counsel. Accordingly, the Court treats Defendant's motion as a second or successive petition for relief under § 2255.

Finally, the Court finds that Defendant's current motion fails to meet authorization standards for a second or successive petition for relief under § 2255. The record does not show that Defendant applied for or received authorization from the Tenth Circuit for a second or successive § 2255 motion on these grounds. Because Defendant's motion is without authorization, the Court must determine whether it is in the interest of justice to transfer it to the Tenth Circuit or dismiss it for lack of jurisdiction.

Nothing in Defendant's pending arguments shows that it would be in the interest of justice to transfer this matter to the Tenth Circuit for authorization. Defendant does not address or make mention of the existence of newly discovered evidence, nor do Defendant's arguments show a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Instead, Defendant relies on canons of statutory interpretation and caselaw available at the time of his sentencing in support of his

---

[39] *See United States v. Dixon*, 379 F. App'x 752, 754 (10th Cir. 2010) (unpublished) (per curiam).

arguments. Again, Defendant's arguments for "plain error" reiterate similar ideas to arguments already considered and dismissed by this Court and the Tenth Circuit. Thus, Defendant fails to meet his burden of satisfying one of the conditions that allows a second of successive petition for relief under § 2255. Accordingly, the Court dismisses Defendant's motion for lack of jurisdiction.

### IV.     Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a COA when making a ruling adverse to the petitioner. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[40] A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[41] A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[42] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[43] For the reasons detailed in this Memorandum and Order, Defendant has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling dismissing Defendant's "Motion Under FRCP 52(B) Plain Error" construed as an unauthorized second or successive § 2255 motion.

---

[40] 28 U.S.C. § 2253(c)(2).

[41] *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[42] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[43] *Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Lenard Dixon's "Motion Under FRCrP 52(B) Plain Error" (Doc. 174) is construed as an unauthorized second or successive § 2255 motion and **dismissed without prejudice**.

**IT IS SO ORDERED.**

Dated: July 23, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
