FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

December 20, 2021

Christopher M. Wolpert
Clerk of Court

─────────────────────────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LENARD CHAUNCY DIXON,

    Defendant - Appellant.

No. 21-3149
(D.C. No. 5:07-CR-40124-JAR-1)
(D. Kan.)

─────────────────────────────

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

─────────────────────────────

Before **PHILLIPS**, **KELLY**, and **MORITZ**, Circuit Judges.

─────────────────────────────

Lenard Chauncy Dixon, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his "Motion Under FRCrP 52(B) Plain Error" ("Rule 52(b) motion") as an unauthorized second or successive 28 U.S.C. § 2255 motion. We deny a COA.

I. Background

In 2009, Mr. Dixon pleaded guilty to five counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Based on Mr. Dixon's use of a weapon during his

───────────

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

crimes and his serious criminal history and violent propensities, the district court varied upward from the recommended sentencing guideline range and imposed a sentence of 420 months' imprisonment. Upon motion by the government, this court enforced the appeal waiver in Mr. Dixon's plea agreement and dismissed his direct appeal. Mr. Dixon filed his first § 2255 motion in 2011. The district court denied relief, and this court denied a COA. Since that time, Mr. Dixon has three times sought and been denied authorization to file a second or successive § 2255 motion.

In March 2021, he filed his Rule 52(b)[1] motion arguing that the district court erred in sentencing him and that his counsel was ineffective for failing to object to his pre-sentence report and at sentencing. He asserted that his sentence was unconstitutional, and his guilty plea should be voided. The district court determined that Mr. Dixon's Rule 52(b) motion was an unauthorized second or successive § 2255 motion because it attempted to assert additional bases for relief from his conviction and sentence. Because he had not received authorization to file a second or successive § 2255 motion, the district court dismissed the motion for lack of jurisdiction. Mr. Dixon now seeks to appeal from that dismissal.

II. Discussion

To appeal the district court's dismissal of his Rule 52(b) motion as an unauthorized second or successive § 2255 motion, Mr. Dixon must obtain a COA.

---

[1] Rule 52(b) of the Federal Rules of Criminal Procedure states: "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."

*See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *See id*. at 485.

We have explained that "[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). And a prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2255(h); *id*. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In his COA application, Mr. Dixon does not explain how the district court erred in treating his Rule 52(b) motion as an unauthorized second or successive § 2255 motion and dismissing it for lack of jurisdiction. Instead, he simply reasserts the merits arguments in his Rule 52(b) motion—that the district court erred in sentencing him and he received ineffective assistance of counsel. Mr. Dixon has therefore failed to show that reasonable jurists would debate the correctness of the district court's procedural ruling.

3

III. <u>Conclusion</u>

For the foregoing reasons, we deny a COA and dismiss this matter.

>Entered for the Court
>
>CHRISTOPHER M. WOLPERT, Clerk