IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES,<br><br>       Plaintiff,<br><br>       v.<br><br>LENARD CHAUNCY DIXON,<br><br>       Defendant. | Case No. 07-40124-01-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on *pro se* Defendant Lenard Dixon's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018 (Doc. 183).[1] The Government has filed a response brief. Defendant did not reply. As explained more fully below, the Court dismisses Defendant's motion.

**I.     Background**

In 2009, Defendant pled guilty to five counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).[2] The Court imposed a sentence of 420 months' imprisonment.[3] Defendant filed a direct appeal with the Tenth Circuit Court of Appeals, which enforced the appeal waiver in Defendant's Plea Agreement and dismissed his appeal.[4]

---

[1] Because Defendant appears *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as his advocate. *Id.*

[2] Doc. 98.

[3] Doc. 122.

[4] *United States v. Dixon*, 379 F. App'x 752, 754 (10th Cir. 2010) (per curiam).

In 2011, Defendant filed his first § 2255 motion, where he claimed prosecutorial misconduct and asserted two ineffective assistance of counsel claims.[5] The Court denied relief and a certificate of appealability in 2012.[6] Defendant then filed a purported motion for relief from judgment under Fed. R. Civ. P. 60(b) and sought review under Fed. R. Crim. P. 52(b).[7] The Court denied his Rule 60(b) and 52(b) motion for lack of jurisdiction as an unauthorized or second § 2255 motion in 2016.[8]

Later in 2016, Defendant filed a motion for authorization to file a second or successive § 2255 motion. He argued that he was entitled to challenge his sentence based on the new rule of constitutional law announced in *Johnson v. United States*,[9] wherein the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of due process. However, the Tenth Circuit denied authorization because Defendant did not receive an increased sentence under the ACCA.[10] Thus, Defendant failed to make a prima facie showing that he was entitled to authorization based on *Johnson*.

Again in 2020, Defendant sought authorization to file a second or successive § 2255 motion to challenge his sentence. This time, Defendant argued that he was entitled to relief based on the holding in *United States v. Davis* that the residual clause in the definition of "crime of violence" for convictions under 18 U.S.C. § 924(c) was unconstitutionally vague.[11]

---

[5] Doc. 136.

[6] Doc. 142.

[7] Doc. 161.

[8] Doc. 162.

[9] 576 U.S. 591 (2015).

[10] Doc. 164 at 2.

[11] 588 U.S. 445 (2019).

Defendant again was denied authorization because he failed to make a prima facie showing that he is entitled to authorization based on the new rule of law announced in *Davis* because he was not convicted and sentenced under § 924(c).[12] Additionally, Defendant was denied authorization because he failed to demonstrate that his proposed § 2255 motion relies on the new rule of law announced in *Davis*.[13] The Tenth Circuit ruled that this denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari" based on 28 U.S.C. § 2244(b)(3)(E).[14]

In 2021, Defendant filed yet another motion seeking relief from his conviction and sentence pursuant to Fed. R. Civ. P. 52(b).[15] The Court dismissed that motion for lack of jurisdiction as an unauthorized second or successive § 2255 motion.[16]

On February 10, 2025, Defendant filed the instant motion seeking compassionate relief pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One such exception is contained in § 3582(c)(1)."[17] Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[18] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau

---

[12] Doc. 173 at 3.

[13] *Id.*

[14] *Id.* at 4.

[15] Doc. 174.

[16] Doc. 175.

[17] *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021) (alteration in original) (citations omitted) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[18] Pub. L. No. 115-391, 132 Stat. 5194.

of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Before reducing a term of imprisonment under the compassionate release provision, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[19]  The Court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[20]  If the Court grants the motion, however, it must address all three steps.[21]

### III.     Discussion

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that the Government may waive or forfeit.[22]  But when "properly invoked," mandatory claim-processing rules "must be enforced."[23]  Here, Defendant claims that he exhausted his administrative remedies by filing a request for compassionate release to the Warden.  However, as the Government indicates, Defendant did not provide any evidence of his request to the Warden with his motion.  In fact, the Government advises that its inquiry with Bureau of Prisons officials determined that Defendant did not submit a request to the Warden.  Thus, because the

---

[19] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[20] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[21] *McGee*, 992 F.3d at 1043 (quoting *United States Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

[22] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[23] *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 (2017); *see also United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here."); *United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *3–4 (10th Cir. Dec. 3, 2021) (enforcing exhaustion requirement because the government properly invoked it).

exhaustion requirement is a mandatory condition that has been properly invoked by the Government, the Court must dismiss Defendant's motion without prejudice to filing a new one if and when he exhausts his administrative remedies.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Lenard Dixon's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018 (Doc. 183) is **dismissed without prejudice to refiling** once he has exhausted his administrative remedies.

**IT IS SO ORDERED.**

Dated: May 12, 2025

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE