IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES,

  **Plaintiff,**

  v.

LENARD CHAUNCY DIXON,

  **Defendant.**

Case No. 07-40124-01-JAR

# MEMORANDUM AND ORDER

This matter is before the Court on *pro se* Defendant Lenard Dixon's Second Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018 (Doc. 188).[1] The Government has filed a response brief. Defendant did not reply. For the reasons discussed below, the Court denies Defendant's motion.

## I. Background

In 2009, Defendant pled guilty to five counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).[2] The Court imposed a sentence of 420 months' imprisonment:[3] 84 months on the robbery counts; 120 months on the firearm count, with all counts running consecutively to one another. Defendant filed a direct appeal with the Tenth Circuit Court of Appeals, which enforced the appeal waiver in Defendant's Plea Agreement and dismissed his appeal.[4]

---

[1] Because Defendant appears *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as his advocate. *Id.*

[2] Doc. 98.

[3] Doc. 122.

[4] *United States v. Dixon*, 379 F. App'x 752, 754 (10th Cir. 2010) (per curiam).

In 2011, Defendant filed his first § 2255 motion, where he claimed prosecutorial misconduct and asserted two ineffective assistance of counsel claims.[5] The Court denied relief and a certificate of appealability in 2012.[6] Defendant then filed a purported motion for relief from judgment under Fed. R. Civ. P. 60(b) and sought review under Fed. R. Crim. P. 52(b).[7] The Court denied his Rule 60(b) and 52(b) motion for lack of jurisdiction as an unauthorized or second § 2255 motion in 2016.[8]

Later in 2016, Defendant filed a motion for authorization to file a second or successive § 2255 motion. He argued that he was entitled to challenge his sentence based on the new rule of constitutional law announced in *Johnson v. United States*,[9] wherein the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of due process. However, the Tenth Circuit denied authorization because Defendant did not receive an increased sentence under the ACCA.[10] Thus, Defendant failed to make a prima facie showing that he was entitled to authorization based on *Johnson*.

Again in 2020, Defendant sought authorization to file a second or successive § 2255 motion to challenge his sentence. This time, Defendant argued that he was entitled to relief based on the holding in *United States v. Davis* that the residual clause in the definition of "crime of violence" for convictions under 18 U.S.C. § 924(c) was unconstitutionally vague.[11]

---

[5] Doc. 136.

[6] Doc. 142.

[7] Doc. 161.

[8] Doc. 162.

[9] 576 U.S. 591, 606 (2015).

[10] Doc. 164 at 2.

[11] 588 U.S. 445, 470 (2019).

Defendant again was denied authorization; the new rule of law announced in *Davis* gave him no relief because he was not convicted of § 924(c).[12] The Tenth Circuit ruled that this denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari" based on 28 U.S.C. § 2244(b)(3)(E).[13]

In 2021, Defendant filed yet another motion seeking relief from his conviction and sentence pursuant to Fed. R. Civ. P. 52(b).[14] The Court dismissed that motion for lack of jurisdiction as an unauthorized second or successive § 2255 motion.[15]

On February 10, 2025, Defendant filed a motion seeking compassionate relief pursuant to 18 U.S.C. § 3582(c)(1)(A), which this Court dismissed without prejudice, for failure to exhaust administrative remedies.[16] On August 20, 2025, Defendant filed the instant motion for compassionate release.

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One such exception is contained in § 3582(c)(1)."[17] Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[18] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau

---

[12] Doc. 173 at 3.

[13] *Id.* at 4.

[14] Doc. 174.

[15] Doc. 175.

[16] Doc. 187.

[17] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (citations omitted) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[18] Pub. L. No. 115-391, 132 Stat. 5194.

of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Before reducing a term of imprisonment under the compassionate release provision, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[19]  The Court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[20]  If the Court grants the motion, however, it must address all three steps.[21]

### III.     Discussion

#### A.  Exhaustion

Exhaustion under § 3582(c)(1)(A) is a mandatory claim-processing rule that the Court must enforce when the Government invokes it.[22]  Here, the Government concedes in its response that Defendant exhausted his claims for compassionate release, so the Court proceeds to the merits.

#### B.     **Extraordinary and Compelling Reasons**

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant the motion.  The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[23]

---

[19] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[20] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[21] *McGee*, 992 F.3d at 1043 (quoting *United States Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

[22] *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[23] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

That authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission."[24]  Before November 1, 2023, the Sentencing Commission had not issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[25]  Thus, § 3582(c)(1)(A)'s consistency requirement did not constrain the Court's discretion to consider whether extraordinary and compelling reasons warranted a sentence reduction.[26]

On November 1, 2023, a new Sentencing Commission policy statement became effective that is "plainly applicable to motions for sentence reduction filed by either the Director of the Bureau of Prisons or a defendant."[27]  The policy statement lists grounds that constitute extraordinary and compelling circumstances and provides additional guidance for courts.  The listed grounds are medical circumstances, age, family circumstances, whether the defendant was a victim of abuse while in custody, "other reasons," and whether the defendant served an "unusually long sentence" where there has been a change in law.[28]  The Sentencing Commission "considered but specifically rejected a requirement that 'other reasons' be similar in nature and consequence to the specified reasons."[29]  Rather, the catch-all provision allows the Court to consider any circumstances which are similar "in gravity" to the listed categories.[30]

---

[24] *Id.*

[25] *See id.*

[26] *Id.* at 836–37.

[27] *United States v. Bradley*, 97 F.4th 1214, 1217 n.1 (10th Cir. 2024).

[28] U.S.S.G. § 1B1.13(b).

[29] U.S. Sent. Comm'n, Supp. to App'x. C, Amend. 814, Reasons for Amendment, at 207.

[30] *Id.*; U.S.S.G. § 1B1.13(b)(5).

### 1. Unusually long sentence

Under the policy statement, an "unusually long sentence" may form the basis of extraordinary and compelling circumstances as follows:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.[31]

Defendant argues that he is serving an unusually long sentence, 35 years, and has served over 18 years at this point. But the ten-year requirement is simply a gatekeeping mechanism for defendants employing section 1B1.13(b)(6) to seek compassionate release. The mere fact that Defendant has served ten years alone does not warrant compassionate release.

There is a basis for reducing an "unusually long sentence," but that basis is not applicable here. Sentencing Guideline § 1B1.13(b)(6) provides that there are extraordinary and compelling reasons for a sentence reduction where: (a) the defendant received an "unusually long sentence"; (b) he has served at least 10 years; (c) there is "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)"; (d) "such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed"; and (e) the Court gives "full consideration of the defendant's individualized circumstances."[32]

---

[31] U.S.S.G. § 1B1.13(b)(6).

[32] *Id.* § 1B1.13(b)(6).

Defendant argues that there has been a change in the law. He argues that in light of the Supreme Court's recent decision in *Wooden v. United States*,[33] the consecutive sentences on the five robbery convictions can no longer stand because the robberies constitute a single predicate offense since they were not separated by an intervening arrest.

But Defendant's reliance on *Wooden* is misplaced. In *Wooden*, the Supreme Court held that the defendant did not qualify as an armed career criminal because the burglaries he committed of ten units in a single storage facility were committed on the same occasion, not on ten separate occasions.[34]

Furthermore, *Wooden* provides Defendant no relief because he was neither convicted of nor sentenced as an armed career criminal in this case. As the Government notes, if Defendant were convicted of any § 922(g)(1) charges *in the future*, the Supreme Court's directive in *Wooden* would apply to a determination of whether the five robbery convictions in this case qualified Defendant as an armed career criminal in the *future* case.

### 2. Sentence Disparity

Defendant further argues that he is entitled to relief because similarly situated defendants have been given compassionate release. While the need to avoid unwarranted sentencing disparities among similarly situated defendants is a factor the Court must consider under 18 U.S.C. § 3553(a)(6), it is not alone an extraordinary and compelling reason to grant compassionate relief under Section 1B1.13(b)(1)–(4). Moreover, Defendant has made no showing that his 420-month sentence was disparate, much less unwarrantedly so, from sentences of similarly situated defendants.

---

[33] 595 U.S. 360 (2022).

[34] *Id.* at 366–369 (applying a multi-factor test to determine whether the burglaries were committed on the same or separate occasions).

### C.     Section 3553(a) Factors

Even if Defendant had shown an extraordinary and compelling reason for compassionate release, which he has not, the Court would necessarily further consider whether the § 3553 factors warrant a reduction in sentence, which they do not.  Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[35]  "[T]he facts allegedly establishing extraordinary and compelling reasons for release . . . . are relevant to the § 3553(a) analysis."[36]

While the Court takes all § 3553 factors into account, those most pertinent to Defendant's case are the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, the need to provide adequate deterrence, and the need to protect the public.  These factors all heavily weigh against compassionate release.

Defendant committed a series of violent armed robberies between August 5, 2007 and August 24, 2007.  On August 5, he robbed a Dollar General Store, brandishing a firearm.  The victim store manager was so traumatized he quit his job.  On August 6 and August 13, Defendant robbed the same liquor store.  Both times he was armed.  The victim employee quit his job after

---

[35] 18 U.S.C. § 3553(a).

[36] *United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024) (quoting *United States v. Hald*, 8 F.4th 932, 943 (10th Cir. 2021)).

8

the second robbery. On August 22, Defendant robbed a convenience store. He made the employee and customer take their clothes off and lie prone in the back of the store. On August 24, Defendant robbed a different liquor store. The store owner and his brother tried to fight Defendant. Defendant wounded them both by striking them in the head with the grip of Defendant's firearm.

Defendant was living at a halfway house, still in the custody and under the supervision of the Bureau of Prisons, when he committed these five robberies. He was serving a federal sentence for armed carjacking. While in prison, Defendant committed 24 disciplinary infractions from February 1999 to September 2006, including an infraction for threatening bodily injury and another for possessing a dangerous weapon—a homemade knife. And before his federal conviction for armed carjacking, Defendant had been convicted of aggravated robbery in state court. Defendant was 18 years old at the time of these prior convictions for aggravated robbery and armed carjacking, and was 28 years old at the time of the convictions in this case.

This criminal history, offense conduct, and disciplinary conduct present a serious need to protect the public from further crimes of Defendant and a serious need to deter criminal conduct by Defendant. The offenses in this case and the prior offenses were all violent in nature; Defendant interacted directly with victims in a traumatizing and threatening manner.

Defendant's sentence of 420 months (i.e., 35 years) was comprised of: 84 months on the five robbery counts and 120 months on the firearm count, with all counts running consecutively to one another. This sentence was within the range of the parties' joint recommendation in the plea agreement, to a sentence of not less than 10 years nor more than 110 years.[37] The Sentencing Guideline range for the robbery counts was 121–151 months, and 120 months for the

---

[37] The combined statutory maximum sentence for all counts of conviction is 110 years.

9

firearm count.  The Court varied upward from the Sentencing Guidelines in imposing the 35-year sentence, something the parties clearly contemplated in jointly recommending a sentence of between 10 and 110 years.

This sentence was appropriately just punishment in light of the nature and circumstances of the offenses, the history and characteristics of Defendant, and the other § 3553 factors.  Those same factors would weigh against compassionate release in this case, even if Defendant had shown an extraordinary and compelling reason for compassionate release.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Lenard Dixon's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018 (Doc. 188) is **denied.**

**IT IS SO ORDERED.**

Dated: September 26, 2025

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE